Chin, J.
This is a contract action seeking to enforce a personal guarantee executed by defendant — Kenneth Berger:
On November, 1, 1985, Kenneth Berger executed a personal guarantee for the debts of Bruce Electrical Service, Inc. At that time, Kenneth Berger was president and sole stockholder of the corporation. The guarantee was for the benefit of plaintiff, Mass. Gas & Electric, an electrical products retailer.
On June 29,1988, Berger sold the business to Philip C. Burns. Thereafter, Berger had no further involvement in the business.
On or about June 24,1988, defendant — Berger mailed a letter by First Class mail to the plaintiff which stated the following:
Gentlemen:
Please be advised that as of 6/29/88, that I, Kenneth Berger, will no longer be the owner of BRUCE ELECTRICAL SERVICE INC.
Our records show that we are paid up in full as of this date.
This business has been sold to Philip C. Burns of Swampscott, Mass.
If you have any question, I can be reached at 653-5650.
Sincerely,
/s/Kenneth Berger
Plaintiff denied receiving the letter. Between April 28,1989 and August 16,1989, plaintiff sold on credit and delivered goods to Bruce Electrical Services, Inc. The total price of those goods was $4,133.55.
All amounts due and owing to plaintiff by Bruce Electrical Services, Inc. as of June 29,1988 were paid.
At the close of the trial the plaintiff made requests for rulings of law which included the following:
3. Revocation is not effective until the guarantor notifies the beneficiary of it.
4. There is insufficient evidence for the courttofind thatthe defendant has established any notice of revocation of his guaranty.
After trial, the court found for the defendant, Kenneth Berger. The court failed to *139 rule on request number 3, and denied the request for ruling number 4. In denying request number 4, the court also added the following finding: “I find thatthe guarantor also indicated that bills were paid up to date.”
At a hearing on the claim for report, the court amended its rulings on plaintiffs requestfor rulings as follows with respect to requestnumber 3: “Allowed as aquestion of law, but I find as a fact that proper notice of revocation was given. See ruling on request number 4.”
The plaintiff alleges error in the trial court’s rulings on these two requests for rulings of law.
Plaintiff alleges that there was no evidence of revocation of the guarantee.
It is apparent that the trial judge found that the June 24,1988 letter was mailed and received and that the letter was sufficient notice of revocation of the guarantee.
Plaintiff further argues that the language in the letter was insufficient, as a matter of law, to constitute a revocation of the guarantee. Plaintiff cites the case of Manufacturers’ Finance Co. v. Rockwell, 278 Mass 502 (1932).
In that case, the revocation relied upon was by letter which contained the following language:
Effective this date my resignation as president and a director of the Rockwell Lumber Company has been accepted and I have severed all connection and interests in that company.
278 Mass. at 504.
The court held that the language of the letter was insufficient as a revocation of the guarantee. The court at 504, stated:
. . .it does not state the intention no longer to be liable for future transactions under the contract guaranteed with sufficient distinctness to affect the plaintiff with the notice to which it was entitled.
In the case at bar, the defendant makes reference to his financial obligation to plaintiff, stating that all debts were “paid in full.” The trial judge was warranted in finding that proper notice of defendant’s intention not to be responsible for future debts of the corporation was given to the plaintiff.
Accordingly, there was no error in the trial judge’s rulings. The plaintiffs report is hereby dismissed.